Hall, J.
I think that the devise in question is void, and cannot take effect. The maintenance and education of some of the devisees, is what the testator appears to have been anxious for; how can *211 it be effected? They are slaves and their owners have a right to them and their services; if they are educated it must be by his permission, and if it is attempted without, it is a violation of his right. If this property had been conveyed in trust for the same purpose, a performance of the trust could not be compelled in a Court of Equity, for the same reason. Admit that they could bring a suit to recover this property, after a recovery could they have a right to enjoy it? Suppose the owner took it from them, would they have a remedy against him? They certainly would not.
Taylor, J.
The intention of the testator seems plainly to have been, to transfer the beneficial interest in the lands, to Rachel and her children; and were there no legal impediments to the effecting of such an object, I should think the words made use of, equivalent to an express devise of the land. But it is indispensable to the validity of every devise that there be a devisee appointed, who is competent to take: slaves have not that competence; for a civil incapacity results from the nature, and condition of slavery. And it would be a solecism, that the law should sanction or permit the acquisition of property those, from whom it afterwards withholds that protection, without which property is useless. From this principle, an important difference arises between slavery, as it is established in this state, and the condition of villeinage, as it existed in England prior to the *212 Stat. Car. 2. A villein might bring an action against any person who did him an injury, except his lord; and even against him, in some particular cases. It therefore he purchased land, although the lord might enter upon it, and seize it to his own use, yet while he permitted the villein to hold, the land would descend to the children of the latter, in a regular course of descent; and the law, while it furnished them with a remedy against any who should disturb their possession, also gave them in time, a title by prescription against their lords. A villein might, also, lawfully dispose of what he had acquired, if he completed the transfer before his lord made a seizure.
Jocelyn for the Plaintiff.
Sampson for the Defendant.
In all these instances, the characteristics of slavery are different; for a slave can bring no action; he can neither acquire nor transfer property, by descent or purchase; nor will prescription avail him, to assert a title against his master. The devise cannot therefore, in the present case, operate any thing.
Johnston, J. and Macay, J. concurred.
Judgment for the Plaintiff.